IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FINISHMASTER, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> EXCEL COLLISION CENTERS, LLC, *et al.*, <br><br> *Defendants*. | CIVIL ACTION <br> NO. 19-04518 |

**PAPPERT, J.**                                          December 11, 2019

## MEMORANDUM

Finishmaster, Inc., and Axalta Coating Systems, LLC, sued Excel Collision Centers, LLC, and Timothy Stone. After neither Excel nor Stone entered an appearance, the Clerk of Court entered a default against each defendant. Construing Finishmaster and Axalta's Motion for Default Judgment as one under Federal Rule of Civil Procedure 55(b)(2), the Court grants the Motion but defers entering judgment pending receipt of all documentation necessary to determine the amount of attorneys' fees to be awarded.

I

Finishmaster and Axalta's Complaint alleges that Excel agreed to buy 98% of its paint and related materials from Finishmaster and Axalta in exchange for a $250,000 credit advance and other consideration. *See* (Compl. ¶¶ 8, 17, ECF No. 1). The contracts specified that if Excel failed to fulfil at least 60% of its purchase requirement, Excel must return the $250,000 credit advance, as well as reimburse Finishmaster and Axalta for their attorneys' fees. *See* (*id.* at ¶¶ 9, 18). Stone personally guaranteed

1

Excel's obligations. *See* (*id.* at ¶ 27). Excel and Stone, however, failed to fulfill their obligations under the contracts. *See* (*id.* at ¶¶ 12, 22–23, 28–31). As a result, the Complaint alleges that Excel and Stone owe Finishmaster and Axalta $244,535.65—the original $250,000 less a credit already paid to Finishmaster. *See* (*id.* at ¶¶ 13, 22, 29).

Finishmaster and Axalta properly served Excel and Stone with the summons and Complaint.[1] *See* (Aff. of Service, ECF No. 4). Because Excel and Stone never entered an appearance or otherwise responded to the suit, the Clerk—on Finishmaster and Axalta's request—entered a default against each defendant. *See* (Request for Default, ECF No. 5).

II

After the Clerk enters default, a court may enter a default judgment against a properly served defendant who failed to file a timely responsive pleading. *See* Fed. R. Civ. P. 55(b)(2). Three factors control whether to enter a default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

When, as here, a defendant has failed to appear or respond to the complaint, this analysis is straightforward. Denying the motion prejudices Finishmaster and Axalta's ability to effectively pursue their claims. *See Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984) (listing specific examples of prejudice). Because neither defendant has appeared, the Court may presume that they lack a legitimate defense. *See Hill v.*

---

[1] The Court has also determined that it has personal and subject-matter jurisdiction and that the unchallenged facts in the Complaint constitute legitimate causes of action. *See* (Compl. ¶¶ 1–6 (alleging complete diversity of citizenship and an amount in dispute exceeding $75,000)); (*id.* Ex. A, at ¶ 10 (agreeing to litigate any disputes under Pennsylvania law and to submit to the jurisdiction of the federal or commonwealth courts in Philadelphia)).

2

*Williamsport Police Dep't*, 69 F. App'x 49, 53 (3d Cir. 2003) (Rendell, J., concurring) (unpublished) ("[I]t makes little sense for a plaintiff to be required to demonstrate that the defendant does not have meritorious defenses when the defendant has failed to respond."); *Carrroll v. Stettler*, No. 10-2262, 2012 WL 3279213, at *3 (E.D. Pa. Aug. 10, 2012) (unpublished). And Excel and Stone's refusal to engage in the litigation process is culpable conduct meriting entry of a default judgment. *See Eastern Elec. Corp. of New Jersey v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545, 554 (E.D. Pa. 2009).

### III

Once a court grants a motion for default judgment, it must then calculate the appropriate damages. *See Comdyni I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). At this point, all factual allegations in the complaint, "except those relating to the amount of damages," are deemed true. *Id.* If a court can calculate damages with certainty from documentary evidence or in detailed affidavits, it need not hold a hearing. *See Durant v. Husband*, 28 F.3d 12, 15 (3d Cir. 1994); *accord Rainey v. Diamond State Port Copr.*, 354 F. App'x 722, 724 (3d Cir. 2009) (unpublished).

The Complaint alleges that Excel and Stone breached the contracts and, as a result, owe Finishmaster and Axalta $244,535.65. *See* (Compl. ¶¶ 13, 22, 29). Excel and Stone's breach is deemed true, and the detailed affidavits and accompanying exhibits prove that Finishmaster and Axalta in fact incurred $244,535.65 in damages because of the breach. *See* (Aff. in Supp. of Default, ECF No. 5-2); (*id.* Ex. B., ECF No. 5-3); (*id.* Ex. B, ECF No. 5-4); *see also Helpin v. Trs. of Univ. of Pa.*, 10 A.3d 267, 270 (Pa. 2010) (discussing damages for breach of contract). Thus, Finishmaster and Axalta are entitled to a default judgment awarding them $244,535.65 in damages.

But the Court cannot yet decide how much in attorneys' fees Finishmaster and Axalta are due. It is Finishmaster and Axalta's burden to prove—through evidence supporting the hours worked and rates claimed—that the fees they seek are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Although they ask for $3,528.47 in attorneys' fees and costs and claim that the rate charged was a reasonable one for attorneys of similar age and experience in the community, *see* (Aff. in Supp. of Attorneys' Fees ¶¶ 4–8, ECF No. 5-5), Finishmaster and Axalta offer no evidence as to the identity of the attorneys or their level of experience, what tasks those attorneys performed, how many hours those attorneys worked or the hourly rate charged. Without that information, the Court must defer entering default judgment until Finishmaster and Axalta submit the necessary documentary evidence regarding attorneys' fees.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.